IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>PENN LANDSCAPE AND CEMENT WORK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 23-632<br>)   Judge Nora Barry Fischer<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

This matter is before the Court on a Motion for Default Judgment filed by Plaintiffs Laborers' Combined Funds of Western Pennsylvania, et al. ("Funds" or "Plaintiffs"), on July 28, 2023, wherein they seek the entry of default judgment against Penn Landscape and Cement Work ("Penn Landscape") and request, among other things, a permanent injunction requiring Penn Landscape from violating a Labor Agreement, the payment of past due benefits and other fees owed to union members, and that Penn Landscape submit certain reports and subject itself to an audit of records. (Docket No. 10). As the Clerk of Court entered default against Midland on June 27, 2023, the Motion for Default Judgment is ripe for disposition. (Docket No. 9). After careful consideration of Plaintiffs' submissions, including their Complaint, (Docket No. 1); proof of service, (Docket No. 7); and the Motion for Default Judgment and supporting documents, (Docket No. 10), the Court finds that the proof of service submitted by Plaintiffs does not demonstrate that Penn Landscape was properly served and will deny the pending Motion for Default Judgment,

1

without prejudice.[1]

Prior to the entry of default judgment, the District Court must satisfy itself that it has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought. *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991). In this instance, the Court has subject matter jurisdiction over the claims under 28 U.S.C. § 1331 as Plaintiffs have sued Penn Landscape for violating their rights under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and the Labor-Management Relations Act of 1947 ("LMRA"). It appears, however, that Plaintiffs have not met their burden to establish personal jurisdiction over Penn Landscape.

A prerequisite to the exercise of personal jurisdiction over a defendant is that the complaint and summons be served on the defendant. *See Lampe*, 952 F.2d at 700-01 (citation omitted) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case."). Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure "unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1). The Federal Rules further provide that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing general agent, or any other

---

[1] The Court has separately ordered that the pro se submission by Anthony Vaccarello titled "Penn Landscape's Response to the Motion for Default Judgment," (Docket No. 12), is stricken from the record because he is not an attorney and may not represent the company pro se in this action.  *See, e.g., Goldstein v. Roxborough Real Estate LLC*, No. 15-3680, 2017 WL 462525, at *3 (3d Cir. Feb. 3, 2017) ("Corporations, including limited partnerships, may appear in federal court only through counsel.") (citations omitted); 28 U.S.C. § 1654.

agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The relevant Pennsylvania Rule of Civil of Procedure, Rule 424, states the following:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424. Rule 430 also provides that "[i]f service cannot be made under the applicable rule, the plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. P. 430. Pennsylvania courts have long held that "the rules concerning service of process must be strictly followed" and that "there is no presumption as to the validity of the service and the return itself is required to set forth service in conformance with the rules." *Salas v. Wal-Mart Stores East, Inc.*, No. 1954 MDA 2014, 2015 WL 6737591, at *2 (Pa. Super. Ct. Aug. 7, 2015) (internal quotations omitted). "The rules for service of process are designed to accord a defendant his due process right to be given adequate notice that litigation has commenced." *Id.* (quotation omitted).

The sole evidence of service that Plaintiffs have submitted in this case is an Affidavit of Service form filled out by process server Tonya Weimer stating that the Complaint and Summons were served on Rose Marie Vaccarello on May 31, 2023 at 4169 Wallace Road Allison Park, PA 15101. (Docket No. 7). The form indicates that the "manner of service" was "Substitute - By handing a copy at the residence of the Defendant(s) to an adult member of the family with whom he/she resides or to the adult person in charge of the residence because no family member was

3

found[.]" (*Id.*). The form states that Rose Marie Vaccarello has a "Relationship/Title/Position" of "Authorized Agent," and further indicates that "Anthony Vaccarello is the owner of the business." (*Id.*). Although the form was sworn, under penalty of perjury, it does not appear to this Court that it provides sufficient information to establish that service was properly made on Penn Landscape. (*Id.*). Rather, it appears that service was made by handing it to an adult at a personal residence and not the address of Penn Landscape's business. (*Id.*). Indeed, the Complaint identifies Penn Landscape's business address as 5860 Saltsburg Road Verona, PA 15147, which is confirmed by a Pennsylvania business search revealing this address to be the registered address for Penn Landscape. (Docket No. 1 at ¶ 5); Pennsylvania Business Search, Pennsylvania Dept. of State, https://file.dos.pa.gov/search/business (last visited Aug. 16, 2023).

Having considered the matter, it is apparent to this Court that Plaintiffs have not satisfied their burden of serving an appropriate individual under either Federal Rule of Civil Procedure 4(h)(1)(B) or Pennsylvania Rule of Civil Procedure 424. To that end, while the Affidavit of Service states that Rose is an "Authorized Agent," it does not specify that she is designated by law or authorized by the company to accept service of process on behalf of Penn Landscape.[2] (Docket No. 7). The Affidavit of Service also makes clear that Rose was not served at Penn Landscape's business address on Saltsburg Road but substitute service was made on her at a residence in Alison Park and she is described as an adult family member or other adult in charge of the residence at the time that service was made. (*Id.*). The Court cannot presume the validity of service, and it is

---

[2] A search of Pennsylvania businesses shows that Penn Landscape's only officer is Joseph Yaccarello, who is the President of Penn Landscape. *Pennsylvania Business Search, Pennsylvania Dept. of State*, https://file.dos.pa.gov/search/business (last visited Aug. 16, 2023).  There is no mention of Rose Marie Vaccarello on the publicly available information pertaining to Penn Landscape's Pennsylvania business registration.

Plaintiffs' burden to demonstrate that service was properly effectuated. *See Grand Entm't Grp., Ltd. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (citation omitted) (stating "the party asserting the validity of service bears the burden of proof on that issue"). Since a court order was not obtained authorizing substitute service in the manner described in the Affidavit of Service, the Court finds that Plaintiffs have failed to properly serve Penn Landscape in accordance with the applicable rules.

Overall, this Court cannot conclude that the service of the summons and Complaint by hand delivery at 4169 Wallace Road Allison Park, PA 15101 to Rose Marie Vaccarello is proper. As personal jurisdiction is lacking over Penn Landscape, the Motion for Default Judgment must be denied and the previously entered default will be vacated. *See* FED. R. CIV. P. 55(c) ("The court may set aside an entry of default for good cause.").

For these reasons,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment [10] is DENIED, without prejudice;

IT IS FURTHER ORDERED that the Clerk's entry of Default against Penn Landscape [9] is VACATED; and,

FINALLY, IT IS ORDERED that Plaintiffs shall properly serve Penn Landscape by **September 7, 2023** and if no such filing is made, the Court will dismiss the Complaint for failure to timely effectuate service.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:   August 17, 2023

cc/ecf:   Counsel of record